■   STUYVESANT INSURANCE COMPANY, Appellant, v. STANLEY MATUSOW, Respondent.— Order modified on the law and in the exercise of discretion to the extent of granting plaintiff's motion to dismiss the first affirmative defense as insufficient, and to sever and dismiss the three counterclaims pleaded in the amended answer, without prejudice to the institution of a separate action after completion of plaintiff's suit; and otherwise affirmed, with costs to appellant.   Plaintiff sued to recover the sum of $73,749.59 which it claims defendant collected as premiums on behalf of plaintiff and failed to remit on demand.   The amended answer, in addition to denials, pleaded as a first affirmative defense that defendant " has fully and completely remitted and paid to the plaintiff all of the net premiums actually received by the defendant from insurance broker producers ".   Since plaintiff's claim is not restricted to " net " premiums nor limited to " insurance broker producers ", the defense does not meet the complaint and is insufficient.   The three counterclaims charge abuse of process, libel and slander, and malicious prosecution, all in connection with the initiation of the instant action by plaintiff and its giving information to the Insurance Department of the State of New York of the pendency of this action.   In *Knapp Engraving Co.,* v. *Keystone Photo Engraving Corp.* (1 A D 2d 170), we held that the introduction, upon a trial, of a cause of action in which a defendant sought damages for the unjustifiable and malicious prosecution of the complaint itself would improperly impede and divert the progress of plaintiff's claim.   Thus, in accordance with section

262 of the Civil Practice Act we there ordered that the counterclaim should be stricken without prejudice to the bringing of a separate action. (See, also, *Murphy* v. *Appelli*, 273 App. Div. 261; *Jayell Films* v. *A. F. E. Corp.*, 67 N. Y. S. 2d 77.) It is quite apparent that the three counterclaims pleaded in the amended answer herein fall within the same category as the one involved in the *Knapp Engraving Co.* case (*supra*). They require similar treatment. Hence, they will be dismissed without prejudice to the commencement of a separate action after the conclusion of the suit brought by plaintiff. Concur — Botein, P. J., Breitel, Rabin, Valente and Bergan, JJ.